IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN E. TROTTER, | § | |
| | § | No. 120, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1607007011 & |
| STATE OF DELAWARE, | § | 1608012612 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 21, 2018
Decided: November 21, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, the Court concludes that:

(1)     On October 3, 2017, the appellant, John E. Trotter, resolved two cases by pleading guilty to Assault in the Second Degree in Criminal ID No. 1607007011 and Drug Dealing (Tier 4), Conspiracy in the Second Degree, and Possession of a Destructive Weapon in Criminal ID No. 1608012612.  On January 12, 2018, Trotter filed a *pro se* motion to withdraw his guilty plea.  On February 16, 2018, the Superior Court denied the motion and sentenced Trotter to a total of eighteen years of Level

V incarceration, suspended after eight years for Level II probation. This is Trotter's direct appeal.

(2) On appeal, Trotter's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Trotter of the provisions of Rule 26(c) and provided Trotter with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Trotter of his right to identify any points he wished this Court to consider on appeal. Trotter has submitted arguments for this Court's consideration. The State has responded to Trotter's arguments and has moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) Trotter's arguments on appeal may be summarized as follows: (i) he was constructively deprived of his right to counsel and coerced into pleading guilty

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

2

by the Superior Court's erroneous denial of his request for new counsel; (ii) he was coerced into pleading guilty by the Superior Court's improper participation in plea negotiations; (iii) the Superior Court erred in denying his motion to withdraw his guilty plea; and (iv) his right to a speedy trial was violated. After careful consideration, we find no merit to Trotter's appeal.

(6) The disposition of Trotter's claims depends upon this Court's determination of whether Trotter entered a knowing and voluntary guilty plea and whether the Superior Court erred in denying Trotter's motion to withdraw his guilty plea. A knowing and voluntary guilty plea waives any objection to alleged errors and defects before entry of the plea.[2] The record in this case reflects that Trotter knowingly and voluntarily entered his guilty plea.

(7) In the summer of 2017, Trotter and Counsel informed the Superior Court that Trotter was displeased with his counsel's representation. At an August 18, 2017 hearing and status conference, the Superior Court told Trotter that he would listen to his concerns and Counsel's comments, but warned him that a defendant's unhappiness with counsel would not typically entitle him to the appointment of new counsel. Instead, he would have the option of representing himself with standby counsel.

---

[2] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312–13 (Del. 1988).

(8) Counsel told the Superior Court that the attorney-client relationship had been difficult because he was unable, until recently, to share much of the State's discovery material with Trotter due to the protective order. He admitted that he had recently lost his temper and yelled at Trotter because he would not consider a reasonable plea offer that was obtained after extensive negotiations with the State. Trotter expressed dissatisfaction with delays in the case, the fact that he had not seen all of the discovery, and Counsel's refusal to separate both of his cases, to move to sever his case from the cases of his co-defendants in Criminal ID No. 1608012612, and to file a motion to suppress.

(9) In response, the Superior Court noted that Criminal ID No. 1608012612 was complicated and involved multiple defendants, the former prosecutor had left and new prosecutors had to get up to speed on the case, Criminal ID No. 1607007011 and Criminal ID No. 1608012612 were separate cases with different trial dates, and co-defendants in cases involving the same facts and witnesses were often tried together. The Superior Court concluded that appointment of new counsel was not warranted. Trotter told the Superior Court that he did not want to represent himself.

(10) After Trotter conferred with Counsel and asked for more time to consider the State's plea offer, the Superior Court set a trial date and gave Trotter two more hours to consider the plea offer that the State had previously offered in August and that Trotter had previously rejected. After two hours, Counsel informed

4

the Superior Court, before Trotter arrived and after he arrived, that Trotter continued to reject the plea offer against his advice. The Court, Counsel, and the prosecutor then responded to Trotter's inquiries concerning the plea. After the Superior Court gave Trotter a little more time to consider whether he wished to accept the plea, Trotter again stated that he did not wish to accept the plea.

(11) Approximately six weeks later, on October 3, 2017 (the first day of trial), Counsel informed the Superior Court that Trotter wished to accept the State's plea offer, even though the State had withdrawn its offer to request no more than six years of Level V time. The State still agreed it would not move to declare Trotter a habitual offender. The Superior Court conducted a plea colloquy with Trotter and found that Trotter knowingly, voluntarily, and intelligently pled guilty.

(12) On January 12, 2018, Trotter filed a *pro se* motion to withdraw his guilty plea. In support of this motion, Trotter claimed Counsel was ineffective, his Sixth Amendment right to a speedy trial was violated, and he was coerced into accepting a guilty plea due to multiple re-schedulings of the trial date and Counsel's advice that he accept the plea offer. The State opposed the motion. The Superior Court denied the motion, noting that a *pro se* motion to withdraw a guilty plea while represented by counsel was a legal nullity and concluding that there was no fair and just reason to grant the motion.

5

(13) Contrary to his contentions, Trotter was not entitled to the appointment of new counsel. The appointment of new counsel is within the discretion of the Superior Court.[3] "Although a defendant has the right to counsel, it is not an absolute right to the defendant's counsel of choice."[4] The Superior Court did not abuse its discretion in denying Trotter's request for appointment of new counsel. Trotter's disagreements and dissatisfaction with his counsel did not entitle him to new counsel.[5] To the extent Trotter claims he was deprived of his right to represent himself, the record reflects that he confirmed the Superior Court's understanding that he wanted counsel, not that he wanted to represent himself.

(14) The record does not support Trotter's claim that the Superior Court improperly participated in plea negotiations. At the August 18, 2017 hearing, the Superior Court asked questions about the plea offer in considering Trotter's request for new counsel, gave Trotter additional time to consider the plea offer after denying his request for new counsel, and responded to Trotter's concern that the court could sentence him to more time than recommended by the State. The Superior Court repeatedly emphasized that Trotter was free to accept or reject the plea offer. In fact, Trotter rejected the plea offer on August 18th and did not plead guilty until October

---

[3] *Bultron v. State*, 897 A.2d 758, 763 (Del. 2006).

[4] *Id.* at 762 (citations omitted).

[5] *See id.* at 763 (recognizing that a defendant does not have a right to counsel who will not disagree with him about how to proceed with a case and, by itself, a defendant's dissatisfaction with counsel did not justify the appointment of substitute counsel).

3rd. There was no improper participation by the Superior Court in the plea negotiations.

(15) The record reflects that Trotter's guilty plea was knowing, intelligent, and voluntary. During the guilty plea colloquy, Trotter affirmed that he had reviewed the Truth–In–Sentencing Guilty Plea form with his counsel, no one threatened or forced him to enter into the plea agreement or promised him what his sentence would be, and he committed the offenses of Drug Dealing, Conspiracy in the Second Degree, Possession of a Destructive Weapon, and Assault in the Second Degree. Trotter stated that he understood he was giving up certain constitutional rights by pleading guilty, including his right to a speedy trial by jury. Trotter also stated that he understood that he faced a minimum mandatory of two years of Level V incarceration and a maximum Level V sentence of forty years. Absent clear and convincing evidence to the contrary, which he has not identified, Trotter is bound by his representations during the guilty plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.[6]

(16) The Superior Court did not err in denying Trotter's motion to withdraw his guilty plea. First, under Superior Court Criminal Rule 47, "[t]he court will not consider *pro se* applications by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in the

---

[6] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

defense." Trotter was represented by counsel and was not given permission to participate with counsel in the defense.

(17) Second, the Superior Court did not err in concluding that Trotter failed to show a fair and just reason for withdrawal of the plea. "A judge should permit withdrawal of a plea only if the judge determines that 'the plea was not voluntarily entered or was entered because of misapprehension or mistake of defendant as to his legal rights.'"[7] The record shows that Trotter entered his plea voluntarily and was not operating under any misapprehension or mistake as to his legal rights. Finally, Trotter's knowing and voluntarily guilty plea constitutes a waiver of any alleged errors or defects, including his speedy trial claim, that occurred prior to the entry of his plea.[8]

(18) Having carefully reviewed the record, we conclude that Trotter's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Trotter could not raise a meritorious claim in this appeal.

---

[7] *Rogers v. State*, 2018 W; 5881536, at *2 (Del. Nov. 8, 2018) (quoting *Scarborough v. State*, 938 A.2d 644, 650 (Del. 2007)).
[8] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).

8

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice